KELLEY DRYE & WARREN LLP
  Rebecca Durrant (State Bar No. 350444)
888 Prospect Street, Suite 200
La Jolla, California 92037
Telephone:  (858) 795-0426
Facsimile:   (213) 547-4901
RDurrant@KelleyDrye.com


Attorneys for Defendant
RIVERVIEW SUNSHINE INVESTMENTS, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA REMUS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RIVERVIEW SUNSHINE INVESTMENTS, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:24-cv-8890<br><br>**DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL OF ACTION**<br><br>[From the Superior California, County of Santa Clara Case No. 24CV450956]<br><br>Action Filed:   November 4, 2024<br>Removal Date: December 9, 2024 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Riverview Sunshine Investments, LLC ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Santa Clara, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453. As discussed below, this Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act ("CAFA"). Accordingly, removal is proper based on the following grounds:

## I.   THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446 ARE SATISFIED

1.   <u>Venue is Proper</u>. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the district and division in which the action is pending. The Superior Court of California for the County of Santa Clara is located within the Northern District of California. Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(a) because the Northern District of California is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

2.   <u>Timeliness of Removal</u>. Defendant was served on November 8, 2024. A true and correct copy of the Proof of Service is attached to this Notice of Removal as **Exhibit "A."** This Notice of Removal is timely as it is filed within thirty (30) days of the date that Defendant was served. 28 U.S.C. § 1446(b). **Exhibits "A" through "H"** attached to this Notice of Removal are true and correct copies of all pleadings, process, and orders filed with the Santa Clara Superior Court for Case No. 24CV450956.

3.   As further required by 28 U.S.C. § 1446(a), Defendant hereby provides this Court with copies of all process, pleadings, and orders served on it in this

DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL OF ACTION

action. Defendant has not been served with any pleadings, process, or orders besides those attached to this Notice.

4.      In accordance with 28 U.S.C. § 1446(d), Defendant will promptly give written notice to Plaintiff of the filing of this Notice of Removal, and will file a copy of the Notice with the clerk of the Superior Court of the State of California, County of Santa Clara. Further, in accordance with Federal Rule of Civil Procedure 7.1, and Civil Local Rule 3-15, Defendant concurrently files its Certificate of Interested Parties.

5.      By filing this Notice of Removal, Defendant does not waive any defenses that may be available to it, including without limitation any defenses relating to service, process, and jurisdiction, including but not limited to personal jurisdiction; and does not concede that the allegations in the complaint state a valid claim under any applicable law. *See Wabash W. Ry. v. Brow*, 164 U.S. 271, 278 (1896) (holding removal to federal court does not waive personal jurisdiction defense); *see also Fields v. SedgwickAssociated Risks, Ltd*., 796 F.2d 299, 300-301 (9th Cir. 1986) (dismissing removed federal action for lack of personal jurisdiction); *Webb v. Sitzes*, 82 F.3d 424 (9th Cir. 1996) ("The district court properly held that the motion to remove did not waive the objection to personal jurisdiction."); *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("A defendant's election to remove a case to federal court does not waive a personal jurisdiction defense.").

## II.    BACKGROUND

6.      On or about November 4, 2024, Plaintiff Lisa Remus ("Plaintiff") filed a Class Action Complaint (the "Complaint") against Defendant in the Superior Court of the State of California, County of Santa Clara entitled *Lisa Remus v. Riverview Sunshine Investments, LLC*. The Complaint was assigned Case No. 24CV450956. A true and correct copy of the Complaint and Summons are attached to this Notice as **Exhibits "D" and "F,"** respectfully.

7.     The Complaint asserts a single count against Defendant for violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788(c).

**III.    FEDERAL JURISDICTION EXISTS PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

8.     Pursuant to 28 U.S.C. §§ 1441 and 1453, this Court has original jurisdiction over this action. The number of potential class members exceeds 100, the parties are citizens of different states, and the amount in controversy exceeds the aggregate value of $5,000,000. *See* 28 U.S.C. §§ 1332(d)(2) and (d)(6). As such, Defendant may remove the matter under CAFA.

**a.    The Size of the Putative Class Exceeds 100**

9.     In her Complaint, Plaintiff alleges that there are "thousands of people" in the class. Accordingly, the putative class exceeds 100.

**b.    The Parties are Diverse**

10.     Plaintiff and the members of the putative class are citizens of a different state than Defendant. 28 U.S.C. §§ 1332(c)(1) & (d)(2).

11.     <u>Citizenship of Defendant</u>. Defendant is a citizen of Delaware and Florida. For purposes of CAFA diversity, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). "Unincorporate association" includes an LLC like Defendant. *Johnson v. Kadiant LLC*, No. 2:24-CV-01372-DC-CKD, 2024 WL 4616148, at *3 (E.D. Cal. Oct. 30, 2024); *see also City of E. St. Louis, Ill. v. Netflix, Inc*., 83 F.4th 1066, 1071 (7th Cir. 2023) (citing to § 1332(d)(10) to hold that an LLC's citizenship in a CAFA case "is treated like a corporation under § 1332(c)(1): one citizenship for the state of its principal place of business, another for the state of its organization, and the investors' citizenship ignored."); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 700–05 (4th Cir. 2010) (engaging in a statutory analysis of § 1332(d)(10) and concluding that "unincorporated associations" include LLCs);

*Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) ("noting that Congress has indeed prescribed a different rule as to unincorporated associations for purposes of [CAFA]" when discussing the citizenship of LLCs); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D. Cal. 2021) (treating an LLC as an unincorporated association under CAFA).

12.    Defendant was at the time of the filing of this action, and still is, formed under the laws of the State of Delaware. Defendant's company headquarters and its principal place of business are located in Florida, where the Company's officers direct, coordinate, and control its business operations. Declaration of Rebecca Durrant, ¶ 2-3 and Exhs. 1 through 2 thereto; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.")

13.    <u>Citizenship of Plaintiff and Putative Class Members.</u> For diversity purposes, an individual is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983). An individual's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). The Complaint does not allege Plaintiff's citizenship, but is brought on behalf of a nationwide class.

14.    Accordingly, because the case was pleaded on behalf of a nationwide class and brought against a defendant from particular states, the minimal diversity requirements under 28 U.S.C. § 1332(d)(2) are met. *See, e.g., Rosas v. Carnegie Mortg., LLC*, No. CV 11-7692 CAS CWX, 2012 WL 1865480, at *5 (C.D. Cal. May 21, 2012) ("Because the complaint alleges a nationwide class . . . minimal diversity necessarily exists."); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2019 WL 13235565, at *6 (W.D. Mo. Apr. 15, 2019).

DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL OF ACTION

**c. The Amount in Controversy Exceeds $5,000,000**

15.     To remove a class action pursuant to CAFA, the amount in controversy must exceed $5,000,000. 28 U.S.C.S. § 1332(d). It is the removing party's burden to establish, "by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." *Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 981 (9th Cir. 2013). To do so, the removing defendant must "produce underlying facts showing only that it is *more likely than not* that the amount in controversy exceeds $5,000,000.00, assuming the truth of the allegations plead in the Complaint." *Muniz v. Pilot Travel Ctrs. LLC,* No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *5 (E.D. Cal. May 1, 2007) (emphasis in original).

16.     In considering the evidence submitted by the removing defendant, the Court must "look beyond the complaint to determine whether the putative class action meets the [amount in controversy] requirements" adding "the potential claims of the absent class members" and attorneys' fees. *Rodriguez,* 728 F.3d at 981 (citing *Standard Fire Ins. Co. v. Knowles,* 133 S. Ct. 1345, 185 L. Ed. 2d 439 (2013)); *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 705 (9th Cir. 2007). Furthermore, "[i]n considering whether the amount in controversy is clear from the face of the complaint, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Altamirano v. Shaw Indus., Inc.,* No. C-13-0939 EMC, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (citing *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008)); *see also Muniz,* 2007 WL 1302504, at *3.

17.     Defendant does not concede in any way that the allegations in the Complaint are accurate, nor does Defendant concede that Plaintiff's claims are amenable to class-wide treatment. In fact, Defendant denies the validity of Plaintiff's claims, and further denies that Plaintiff or the purported class are entitled to any of the requested relief. Nonetheless, the allegations in the Complaint show it

1  is more likely than not, as pled, that the amount in controversy exceeds the

2  jurisdictional minimum. *See Guglielmino,* 506 F.3d at 700.

3         18.    As will be described in detail further below, as pled, the amount in

4  controversy set forth in the Complaint clearly exceeds the jurisdictional minimum of

5  $5,000,000.

6         19. The Rosenthal Act authorizes the recovery of the sum of (1) actual

7  damages; (2) statutory damages; and (3) attorneys' fees and costs. *See* Cal. Civ.

8  Code § 1788.17 (incorporating remedies in Section 1692k of, Title 15 of the United

9  States Code); 15 U.S.C. § 1692k(a)(2). The Complaint requests all three on behalf

10  of the class.[1]

11         20.    First, the Complaint requests statutory damages "in an amount to be

12  determined at trial pursuant to the RFDCPA." The Rosenthal Act provides for

13  statutory damages up to five hundred thousand dollars ($500,000). *See* 15 U.S.C. §

14  1692k(a)(2).

15         21.    Second, the Complaint requests "general, actual, and special

16  damages."[2] Actual damages under the Rosenthal Act can include "recovery for

17  emotional distress such as humiliation, embarrassment, fear, nervousness, difficulty

18  eating and sleeping, lack of concentration, and anxiety." *Hall-Jones v. Golden State*

19  *Credit Serv., Inc*., No. 820CV00888JLSDFM, 2021 WL 6496730, at *6 (C.D. Cal.

20  July 29, 2021) In one case, a court awarded a plaintiff actual damages of $5,000 for

21  emotional distress, in addition to other actual damages and statutory damages,

22  finding that this amount was "appropriate" and citing to cases awarding much

23  higher amounts. *See Cantu v. A R Client Servs. LLC*, No. CV 20-01036 PA (KKX),

24  2020 WL 6114915, at *3 (C.D. Cal. Aug. 18, 2020) (citing *Morisaki v. Davenport,*

25  *Allen & Malone, Inc*., 9-cv-0298, 2010 WL 3341566, at *4 (E.D. Cal. Aug. 23,

26

27  ───────────────────

[1] Complaint, Prayer for Relief

28  [2] Complaint, Prayer for Relief

DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL
OF ACTION

2010) (awarding plaintiff $73,000 in emotional distress damages for FDCPA and Rosenthal Act claims); *Panahiasl v. Gurney*, 4-cv-04479, 2007 WL 738642, at *2 (N.D. Cal. Mar. 8, 2007) (awarding plaintiff $50,000 in actual damages due to emotional distress arising from FDCPA violations). Assuming 2000 class members with $5,000 of actual damages, places an additional $5 million at issue.

22.     Third, in addition to the amounts put in controversy by each of the causes of action alleged in the Complaint, Plaintiff will also be entitled to attorney's fees if successful. *See* Cal. Civ. Code § 1788.30(c); 15 U.S.C. § 1692k(a)(3). Indeed, Plaintiff expressly requests such fees in her prayer for relief.[3] "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (overruled on other grounds). For purposes of calculating the amount in controversy in CAFA removals, courts assume attorney's fees of at least 25% of the total award to the class. *See, e.g., Altamirano,* 2013 WL 2950600 at *13; *Heejin Lim v. Helio, LLC,* No. CV 11-9183 PSG PLAX, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012). Accordingly, assuming actual and statutory damages of at least $5,500,000, Plaintiff will be entitled to $1,3750,000 of attorneys' fees.

23.     Fourth, Plaintiff has also requested exemplary and punitive damages.[4]

24.     As detailed above, a reasonable and conservative estimate of the total amount in controversy, based on each of the categories listed above, is at least $6.875 million, with the potential to be much higher after the addition of punitive damages and other actual damages.

---

[3]  Complaint, Prayer For Relief.

[4]  Complaint, ¶ 4.

DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL
OF ACTION

IV.    **REQUEST FOR SUPPLEMENTAL BRIEFING**

25.    In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant respectfully requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal.

**WHEREFORE**, Defendant requests that the above action pending before the Superior Court of the State of California for the County of Santa Clara be removed to the United States District Court for the Northern District of California.


DATED: December 9. 2024                KELLEY DRYE & WARREN LLP
                                       Rebecca Durrant

                                       By:   /s/ *Rebecca Durrant*
                                             Rebecca Durrant

                                       Attorneys for Defendants
                                       RIVERVIEW SUNSHINE
                                       INVESTMENTS, LLC

**Table of Contents to Exhibits**

| Exhibit | Page No. | Description |
|---|---|---|
| A. | 11 | True and correct copy of Plaintiff's Proof of Service, filed on November 12, 2024 in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| B. | 14 | True and correct copy of the Notice of Case Management Conference, filed on November 20, 2024 in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| C. | 16 | True and correct copy of the Civil Filing Rejection Letter, dated November 4, 2024 in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| D. | 18 | True and correct copy of the Class Action Complaint, filed on November 4, 2024 in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| E. | 30 | True and correct copy of the Civil Case Cover Sheet, filed November 4, 2024 in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| F. | 33 | True and correct copy of the Summons, filed on November 4, 2024, in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| G. | 35 | True and correct copy of the Order on Court Fee Waiver, filed on November 7, 2024, in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number 24CV450956. |
| H. | 39 | True and correct duplicate copy of the Order on Court Fee Waiver, filed by the Superior Court on November 7, 2024, in *Lisa Remus v. Riverview Sunshine Investments, LLC et. al*, in Santa Clara County Superior Court, Case Number |

Case No:
DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL OF ACTION

24CV450956.

Case No:
DEFENDANT RIVERVIEW SUNSHINE INVESTMENTS, LLC'S NOTICE OF REMOVAL
OF ACTION